USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/7/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
NEW YORK REAL ESTATE INSTITUTE, INC., :
                                                                      :
                       Plaintiff, :   17 Civ. 8698 (VM)
                                                                 :
  - against -                                   :   **DECISION AND ORDER**
                                                                  :
RAO JAMMULA, et al.,                    :
                                                                  :
                        Defendants. :
-----------------------------------X

**VICTOR MARRERO, United States District Judge.**

## I.   BACKGROUND

Plaintiff New York Real Estate Institute, Inc. ("Plaintiff") filed this action against defendants Rao Jammula, Shobha Jammula, and New York Real Estate & Insurance Institute, Corp. (collectively, "Defendants") in New York State Supreme Court, New York County, alleging violations of the Lanham Act, the Anticybersquatting Consumer Protection Act, and New York state law. (See Dkt. No. 1-1.) On November 9, 2017, Defendants removed the action to this Court. (See Dkt. No. 1.)

Prior to the start of trial, the parties reached a settlement. (See, e.g., Dkt. No. 17.) However, no such settlement agreement was ever filed with the Court. On June 21, 2018, Plaintiff notified the Court that, although the parties executed a settlement agreement in April 2018, Defendants had failed to satisfy the terms of that agreement.

(See "June 21 Letter," Dkt. No. 18.) On June 22, 2018, the Court ordered Defendants to respond to the June 21 Letter, and further noted that, "[i]n the event [D]efendant[s] fail[] to respond to this Order, [P]laintiff may move for enforcement of the settlement agreement." (See id.)

Because there had been no record of any proceedings or filings of any papers or correspondence with the Court since the Court's June 22, 2018 Order, the Court -- on November 9, 2018 -- directed Plaintiff to submit a status report. (See Dkt. No. 19.)

Plaintiff reported that, in its view, Defendants continued to violate the terms of the settlement agreement. Accordingly, Plaintiff filed a letter-motion for contempt, requesting that the Court enforce the settlement agreement and order Defendants to cure their default. ("Plaintiff's Motion," Dkt. No. 20.) Defendants responded to Plaintiff's Motion, arguing that, in their view, Defendants had not violated the terms of the settlement agreement. ("Defendants' Response," Dkt. No. 22.)

Following a status conference (see Dkt. Minute Entry for 12/7/2018), the Court referred Plaintiff's Motion to Magistrate Judge Katharine H. Parker. (See Dkt. No. 26.)

By Order dated March 29, 2019, Magistrate Judge Parker issued a Report and Recommendation, a copy of which is

2

attached and incorporated herein, recommending that Plaintiff's Motion be denied. (See "Report," Dkt. No. 34, at 5.) The Report further recommends that this action be dismissed without costs (including attorneys' fees) to either party. (See id.) As of the date of this Order, neither Plaintiff nor Defendants have filed any objections, nor has either party made a request for an extension of time to object. For the reasons stated below, the Court adopts the recommendations of the Report in their entirety.

## II. STANDARD OF REVIEW

A district court evaluating a magistrate judge's report may adopt those portions of the report to which no "specific written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(b); see also Thomas v. Arn, 474 U.S. 140, 149 (1985); Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The Court is not required to review any portion of a magistrate judge's report that is not the subject of an objection. See Thomas, 474 U.S. at 149. A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the magistrate judge. See Fed. R. Civ. P. 72(b).

## III. DISCUSSION

Upon a review of the full factual record in this litigation, including the parties' respective papers submitted in connection with the underlying motion and in this proceeding, as well as the Report and applicable legal authorities, the Court reaches the same conclusions as Magistrate Judge Parker. The Court further concludes that the findings, reasoning, and legal support for the recommendations made in Report are not clearly erroneous or contrary to law and are thus warranted. Accordingly, for substantially the reasons set forth in Magistrate Judge Parker's Report, the Court adopts in their entirety the Report's factual and legal analyses and determinations, as well as its substantive recommendations, as the Court's ruling on Plaintiff's Motion.

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Katharine H. Parker dated March 29, 2019 (Dkt. No. 34) is adopted in its entirety. It is further

**ORDERED** that Plaintiff's motion for contempt (Dkt. No. 20) is **DENIED**; and it is further

**ORDERED** that this action is dismissed without costs (including attorneys' fees) to either party. Accordingly, the Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         7 May 2019

_____
Victor Marrero
U.S.D.J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/29/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NEW YORK REAL ESTATE INSTITUTE, INC.,

                               Plaintiff,

             -against-

RAO JAMMULA, SHOBHA JAMMULA, and
NEW YORK REAL ESTATE & INSURANCE
INSTITUTE, CORP.,

                               Defendants.
------------------------------------------------------------------X

17-CV-8698 (VM) (KHP)

**REPORT AND RECOMMENDATION**

**TO: THE HONORABLE VICTOR MARRERO, UNITED STATES DISTRICT JUDGE**
**FROM: KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff New York Real Estate Institute, Inc. ("NYREI") and Defendants New York Real Estate & Insurance Institute Corp. ("NYREII") and Rao and Shobha Jammula reported to the Court on April 12, 2018 that they had reached a settlement of this matter for, *inter alia*, infringement of Plaintiff's federally-registered service marks and were preparing to file a fully-executed settlement agreement with the Court. (Doc. No. 17.) No such agreement was filed, however. On June 21, 2018, Plaintiff wrote to the Court advising that, although the parties had executed a settlement agreement, Defendants had failed to perform in accordance with its terms. (Doc. No. 18.) Plaintiff thus requested that the Court reinstate a trial date as soon as possible. (*Id.*) The Court directed Defendants to respond to Plaintiff's letter, and Defendants failed to do so. (*Id.*) The Court had indicated that, in the event Defendants failed to respond to its order, Plaintiff would be permitted to move for enforcement of the settlement agreement. (*Id.*)

1

On November 16, 2018, after the Court requested an update from Plaintiff regarding the status of this action, Plaintiff filed a letter-motion for contempt in connection with Defendants' purported violation of the parties' settlement agreement. (Doc. No. 20.) Plaintiff asserted that Defendants had failed to change NYREII's corporate name, notwithstanding their agreement to do so. Defendants responded by letter dated November 23, 2018, asserting that they had not violated the terms of the settlement agreement. (Doc. No. 22.) Plaintiff's contempt motion was then referred to the undersigned for report and recommendation (Doc. No. 26), and the undersigned held an evidentiary hearing on January 24, 2019. (*See* Doc. No. 28.) The parties submitted post-hearing letter briefs on February 25, 2019. (Doc. Nos. 32-33.)

## DISCUSSION

"To establish contempt for failure to obey a court order, the movant must show that (1) the order the [alleged] contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the [alleged] contemnor has not diligently attempted to comply in a reasonable manner." *Grand v. Schwarz*, No. 15-cv-8779 (KMW), 2018 WL 1583314, at *3 (S.D.N.Y. Mar. 27, 2018) (internal quotation marks and citations omitted). These elements have not been met. Most significantly, Plaintiff cannot establish that Defendants failed to obey a court order. Plaintiff never submitted the parties' settlement agreement to the Court for approval, and the Court never incorporated the settlement terms into any order. This Court recommends that Plaintiff's motion for contempt be denied because there has been no violation of any court order.

Additionally, it is this Court's belief that the terms of the settlement have been satisfied and that Plaintiff cannot demonstrate by clear and convincing evidence the other elements of

civil contempt. "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-cv-1318 (GBD) (BCM), 2017 WL 5067500, at *9 (S.D.N.Y. Sept. 27, 2017) (internal quotation marks omitted) (quoting *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002)). "Although the defendant's conduct need not be willful, a plaintiff must also prove that . . . the defendant has not been reasonably diligent and energetic in attempting to comply [with a settlement agreement]." *Id.* (internal quotation marks omitted) (quoting *GMA Accessories, Inc. v. Eminent, Inc.*, No. 07-cv-3219 (LTS) (DF), 2008 WL 2355826, at *2 (S.D.N.Y. May 29, 2008)).

Pursuant to the parties' settlement agreement, Defendant NYREII was to "cease using the name New York Real Estate & Insurance Institute and NYREII in all respects, including marketing and promotion, *as soon as possible*" and to "commence the process of changing its corporate name with the New York State Department of State as soon as practical and [to] notify NYREI of the completion of the name change upon completion." (Plaintiff's Exhibit 1 ("Settlement Agreement") ¶ 1.) (emphasis added.) Plaintiff contends that NYREII violated the settlement agreement by (1) continuing to use the name "NYREII" in online marketing and promotion for its real estate licensing school and (2) failing to commence the process of changing its corporate name until after Plaintiff sought Court intervention. (Doc. No. 32.)

With respect to Plaintiff's first contention, Plaintiff points to screenshots of website subpages containing "nyreii" in their domain names and listing contact information for Defendants' real estate licensing school. However, Plaintiff failed to show, by clear and convincing evidence, that third-party websites' use of the "NYREII" name constituted use of

3

that name *by Defendants* in violation of the terms of the parties' settlement agreement. Defendants have no control of other entities' websites. Furthermore, as Plaintiff acknowledges, Defendants transferred the domain name "NYREII.com," over which they did have ownership and control, to Plaintiff in compliance with the terms of the settlement agreement. (Doc. No. 32.) Thus, Plaintiff has not demonstrated that Defendants did not diligently attempt to comply with the settlement agreement in a reasonable manner.

With respect to Plaintiff's second contention, it is undisputed that Defendant NYREII ultimately changed its corporate name with the New York State Department of State to "A1 Real Estate & Insurance Institute." Plaintiff, however, takes issue with the speed of Defendants' effectuation of the name change. Here again, Plaintiff cannot demonstrate a violation. The settlement agreement required the name change to be done "as soon as practical" – an ambiguous and flexible time frame. (*See* Settlement Agreement ¶ 1.) Defendants submitted evidence that they commenced the name change process on March 19, 2018, even before the settlement agreement was executed. (*See* Defendants' Supplemental Exhibit 1.) After months of supplementing their name change application with further documentation required by the Department of State, Defendants eventually received confirmation of the successful corporate name change by filing receipt dated November 26, 2018. (Defendants' Exhibit 4.) Defendants had no control over the government agency's processing time and adequately explained the reasons for the various steps they took to accomplish a complete name change and the timing of those steps. Given the flexible "as soon as practical" standard in the settlement agreement, Plaintiff failed to demonstrate by clear and convincing evidence that Defendants did not diligently attempt to comply in a reasonable manner.

Because Plaintiff has not established a *prima facie* case of contempt with respect to the most important element – a violation of a court order, it is not appropriate to certify facts constituting contempt to the district court. *See Joint Stock Co. Channel One Russia Worldwide*, 2017 WL 5067500, at *9 (explaining that, where "the moving party does not establish a *prima facie* case of contempt, the magistrate judge must decline to certify facts constituting contempt to the district judge and may close the motion") (internal citations omitted).

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for contempt be **DENIED**. Further, given that the parties entered into a settlement agreement the terms of which have been effectuated, this Court also recommends that this action be dismissed without costs (including attorneys' fees) to either party.

DATED:   March 29, 2019
         New York, New York

Respectfully submitted,

*Katharine H Parker*

KATHARINE H. PARKER
United States Magistrate Judge

## NOTICE

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).

If any party files written objections to this Report and Recommendation, the opposing party may respond to the objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Victor Marrero at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Marrero. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).